## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **DAVID W. HOWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 13-2210-CSB-DGB** |
| | ) | |
| | ) | |
| **STATE OF ILLINOIS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff David W. Howell's Amended Complaint.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Howell has filed the instant suit against various State of Illinois and Illinois county officials under 42 U.S.C. § 1983 asserting five federal causes of action: (1) lack of adequate mental health care; (2) deprivation of his right under Illinois law to a speedy trial; and (3) three separate claims under the Americans with Disabilities Act.[1] As discussed *infra*, the Court finds that Howell's Amended Complaint is barred by the applicable statute of limitations.[2]

"A federal court borrows the applicable state statute of limitations for § 1983 (and similar) claims, and in Illinois, the statute of limitations for such claims is two years from when a plaintiff knows or should know of his injury." *McDonald v. White*, 2012 WL 478076, * 3 (7th Cir. Feb. 15, 2012)(internal citations omitted). Claims brought under Title III of the Americans

---

[1] According to his Amended Complaint, Howell was a pre-trial detainee at all relevant times awaiting trial. The Court is aware from other cases filed by Howell that he has since been released from custody.

[2] A month after Howell filed this case, he filed a motion to amend his Complaint. Howell's motion to amend is granted, and the Court's merit review is of Howell's Amended Complaint.

with Disabilities Act also borrow Illinois' two-year personal injury statute of limitations. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013). Although the statute of limitations is an affirmative defense, dismissal on the allegations is appropriate when "the facts pleaded in the complaint establish that a claim is time barred." *Logan v. Wilkins*, 644 F.3d 577, 582-83 (7th Cir. 2011).

In the instant case, Howell alleges wrongs committed against him starting in September 2010. The last alleged wrong taken against him occurred in June 2011 according to the allegations in his Amended Complaint. Howell did not file this suit until October 2, 2013, approximately four months too late. Howell knew or should have known about all of the alleged wrongs committed against him by the named Defendants within two years of the occurrence of the alleged wrongs, but he did not file this lawsuit until beyond the applicable two year statutes of limitations period. *McDonald*, 2012 WL 478076 at * 3. Accordingly, Howell's suit is barred by the applicable statutes of limitations, and the Court declines to exercise supplemental jurisdiction over Howell's alleged state law claims.[3]

**IT IS, THEREFORE, ORDERED that:**

1.      Plaintiff's motion to amend complaint [13] is GRANTED, and the Clerk of the Court is directed to docket Plaintiff's Amended Complaint that is attached to his motion.

2.      Plaintiff's Complaint is dismissed because it is barred by the applicable statutes of limitations period. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

---

[3] Howell's Amended Complaint contain other deficiencies, such as a lack of personal involvement in the alleged wrongs, but the Court need not address those issues with Howell's Complaint because his suit is barred by the applicable statutes of limitations. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted).

3.      All pending motions (other than Plaintiff's motion to amend his complaint) are DENIED a moot.

4.      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

5.      **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  Plaintiff's motion to amend his complaint [13] is GRANTED, and the Clerk of the Court is directed to docket Plaintiff's Amended Complaint that is attached to his motion.  All other pending motions are DENIED as moot.**

Entered this 13th  day of June 2014.


_____/s Colin S. Bruce_____
              COLIN S. BRUCE
              UNITED STATES DISTRICT JUDGE